UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 16-CR-20825
                                    Honorable Thomas L. Ludington

WILLIAM LESTER MORGAN,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On April 20, 2017, Defendant William Lester Morgan pled guilty to one count of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 21. On August 4, 2017, Defendant was sentenced to 140 months imprisonment. ECF No. 28. Defendant is currently housed at Federal Correctional Institution, Morgantown ("FCI Morgantown"), in West Virginia.

On June 26, 2020, Defendant filed a pro se motion for compassionate release due to the spread of the COVID-19 virus. ECF No. 39. On July 20, 2020, Plaintiff, the United States of America (the "Government"), filed a response. ECF No. 40. Defendant amended his motion on August 5, 2020, stating that an FCI Morgantown staff member had been diagnosed with COVID-19 since he filed his motion. ECF No. 41. For the reasons stated below, Defendant's motion for compassionate release will be denied.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On May 23, 2020, Defendant requested compassionate release from Warden F. J. Bowers based on Defendant's health condition and the spread of COVID-19. ECF No. 39 at PageID.212. The Warden denied his request because Defendant's situation did not satisfy BOP criteria. *Id.* Accordingly. Defendant has exhausted his administrative remedies with the BOP.

- 2 -

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is for distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1(C). ECF. No. 21. Drug-related offenses are serious and Defendant has served only forty-two months in custody, less than a third of his 140-month sentence. Additionally, this was not his first drug-related offense. According to his Presentence Investigation Report, Defendant has a long history with narcotics, with convictions for cocaine-related offenses in 1988, 1997, and 2013. As explained below in Section I.C.2., Defendant's troubling history with narcotics indicates that his release would pose a danger to the community. Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

### C.

The next inquiries to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has failed to demonstrate that he is not a danger to the safety of others.

### 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

- 4 -

> (ii) The defendant is--
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant argues that the spread of COVID-19 throughout the nation and the prison system qualifies as an extraordinary and compelling reason for compassionate release. ECF No. 39 at PageID.197-98. However, Defendant does not explain how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered extraordinary and compelling in the context of public health, Defendant has not explained how COVID-19 is extraordinary and compelling in the specific context of U.S.S.G. § 1B1.13. Therefore, the Court will not grant him compassionate release based only on the spread of COVID-19 in BOP facilities.

Defendant next argues that his health condition, coupled with the risk of contracting COVID-19, qualifies as "extraordinary and compelling" reason for release under subsection (A) of the policy statement commentary. ECF No. 39 at PageID.199-200. The Government agrees. ECF No. 40 at PageID.236. Defendant is 59 years old and suffers from hypertension, chronic obstructive pulmonary disease ("COPD"), and low kidney function.[1] ECF No. 39 at PageID.193. Defendant is prescribed triamterene-hydrochlorothiazide, mometasone furoate, and an albuterol inhaler to treat his conditions, and he uses them regularly. *Id.* Given his custodial environment and health condition, Defendant has a strong case that he is more likely to contract COVID-19 or experience symptoms therefrom.

However, "[a]n elevated risk of developing the more severe symptoms of COVID-19" is not "akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (denying compassionate release where defendant suffered from obesity and hypertension). A defendant must have a terminal illness or debilitating medical condition that substantially reduces his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13. Defendant acknowledges that he is taking medication to manage his conditions, and he has not demonstrated that FCI Morgantown is unable to meet his medical needs. ECF No. 39 at PageID.193. Further, despite Defendant's otherwise strong showing, a finding in his favor would not be dispositive. Even if Defendant's situation qualifies under subsection (A), compassionate release is not warranted for other reasons stated in Sections I.B. and I.C.2. Accordingly, it will be presumed that Defendant has stated an "extraordinary and compelling" reason for compassionate release under subsection (A).

---

[1] The Court assumes that when Defendant alleges a "low kiney count," he means poor kidney function. ECF No. 39 at PageID.193.

The other subsections provided in the policy statement commentary are clearly inapplicable. Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because he is 59 years old. Additionally, he does not qualify under subsection (C) because he has failed to show that his wife is "incapacitated" and that he is the "only available caregiver," despite her apparent high-risk for developing COVID-19 and receipt of social security benefits. ECF No. 39 at PageID.193-94. Consequently, Defendant's only plausible "extraordinary and compelling" reason for compassionate release is the combination of his health condition and the risk of contracting COVID-19.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142. Consideration of the above factors supports the conclusion that Defendant would be a danger to others and the community if released. According to his Presentence Investigation Report, Defendant has multiple convictions for the delivery of narcotics spanning over three decades. In 1988, Defendant was convicted of delivery of narcotics or cocaine and conspiracy to deliver narcotics or cocaine. He was paroled in 1993, and in 1998, he was again convicted of delivery of narcotics or cocaine. Less than a year after his parole in 2001, Defendant was convicted of assault with intent to do great bodily harm less than murder and false report of a felony. He was not paroled until 2010. In 2012, Defendant was arrested for and later convicted of possession of narcotics. Defendant was sentenced to two months in custody and five years of probation. Less than six months after his discharge from probation in 2016, a criminal complaint was filed against Defendant, charging him with the underlying offense here: distributing heroin.

"The concern about safety is to be given a broader construction than the mere danger of physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). When considering the § 3142 factors, "[t]he court must also consider the danger of trafficking in illicit drugs." *United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007). In recent years, an opioid epidemic has afflicted communities across the United States, including small Midwestern cities like Saginaw, Michigan. According to his Presentence Investigation Report, Defendant was identified to police by one of his purchasers who had survived an overdose of Defendant's heroin. Defendant's distribution of "very dangerous and addictive drugs like heroin" belies the assertion that he poses no danger to the community because of his nonviolent record. *United States v. Atkins*, No. CRIM. 15-87, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) (finding heroin trafficker posed danger to community under § 3142).

- 9 -

Furthermore, Defendant has failed to provide a convincing release plan. He states that he will return to Saginaw, Michigan, and resume living with his wife. ECF No. 39 at PageID.193-94. He also intends to collect social security benefits to supplement his wife's income. ECF No. 39 at PageID.193. These are the same circumstances that preceded Defendant's conviction for the underlying offense here. While Defendant's motion reveals regular participation in correctional programming, he has failed to show that his living circumstances upon release would be materially different than from before his arrest. ECF No. 39 at PageID.208-09. Accordingly, given his decades-long history of dealing cocaine and heroin, and his likely circumstances if released, Defendant has failed to demonstrate that he poses no danger to others or the community.

**II.**

Accordingly, Defendant William Lester Morgan's Motion for Compassionate Release, ECF No. 39, is **DENIED WITH PREJUDICE**.

Dated: August 28, 2020     s/Thomas L. Ludington
                           THOMAS L. LUDINGTON
                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **William Lester Morgan** #55123-039, MORGANTOWN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MORGANTOWN, WV 26507 by first class U.S. mail on August 28, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager